IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LILLIAN GRAHAM,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4294** |
| | : | |
| **FEMA,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 3rd day of January, 2025, upon consideration of Plaintiff Lillian Graham's Praecipe to Reinstate the Complaint (ECF No. 9), Motion to Proceed *In Forma Pauperis* (ECF No. 1), *pro se* Complaint (ECF No. 2), Motion to Remove (ECF No. 17), and Motion to Recuse (ECF No. 18), it is **ORDERED** that:

1. The Praecipe to Reinstate the Complaint, construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), is **GRANTED**.

2. The Court's February 12, 2024 Order (ECF No. 7) is **VACATED**.

3. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum, as follows:

    a. Graham's claims against the following Defendants are **DISMISSED WITH PREJUDICE**: (1) the Philadelphia Police Headquarters; (2) the Department of Aging; (3) the "Human Relations Dept." which the Court construes as the Pennsylvania Human Relations Commission ("PHRC"); (4) the Philadelphia

    District Attorney; (5) Federal Emergency Management Agency ("FEMA"); and (6) the Department of Justice. The Clerk of the Court is **DIRECTED** to **TERMINATE** these Defendants from the docket.

   b. Graham's claims against the following Defendants are **DISMISSED WITHOUT PREJUDICE**: (1) the "Harrisburg and Pittsburg Fair Housing," which the Court construes to be the Fair Housing Council of the Capital Region, Inc.; (2) France Henriques; and (3) the City of Philadelphia.

6. Graham may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Graham's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **<u>Graham may not reassert a claim that has already been dismissed from this case with prejudice</u>**. When drafting her amended complaint, Graham should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Graham a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Graham may use this form to file an amended complaint if she chooses to do so.

8. If Graham does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Graham fails to file any response to this Order, the Court will conclude that Graham intends to stand on her Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

10. The Motion to Remove (ECF No. 17), which requests an Order remanding the case to federal court, is **DENIED AS MOOT** because the matter is in federal court.

11. The Motion to Recuse (ECF No. 18) is **DENIED**.[2]

                                   **BY THE COURT:**

                                   **/s/ John Milton Younge**
                                   **JOHN MILTON YOUNGE, J.**

---

[2] Graham has offered no basis for her motion. *See United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) ("Motions to recuse under 28 U.S.C. § 455(a) must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations."). Additionally, recusal is not justified based upon a litigant's dissatisfaction with a Judge's rulings. *See Liteky v. United States*, 510 U.S. 540, 554 (1994); *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015) (*per curiam*).