IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LILLIAN GRAHAM, | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 23-CV-4294 |
| | : | |
| FEMA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

YOUNGE, J.                                                                                                                          JANUARY 9, 2026

        Plaintiff Lillian Graham filed a lawsuit asserting claims in connection with the demolition of her home and business. In a January 3, 2025 Memorandum and Order, the Court granted Graham leave to proceed *in forma pauperis* and dismissed her Complaint in part with prejudice and in part without prejudice. *See Graham v. FEMA*, No. 23-4294, 2025 WL 28238, at *8 (E.D. Pa. Jan. 3, 2025). Graham was permitted an opportunity to file an amended complaint. In lieu of filing an amended complaint, Graham filed a notice of appeal of the Court's January 3 Order. After the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction, *see Graham v. FEMA*, No. 25-1222, 2025 WL 2237109 (3d Cir. May 12, 2025), the Court gave Graham another opportunity to file an amended complaint. In response, Graham filed a three-page document titled "Jury Trial Demanded" (ECF No. 30), which the Court construes as her Amended Complaint. For the reasons that follow, Graham's Amended Complaint will be dismissed with prejudice.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

        Graham named nine Defendants in her Complaint: the City of Philadelphia; the Philadelphia Police Headquarters; France Henriques; the Federal Emergency Management

Agency ("FEMA"); the PA Dept. of Aging; the "Human Relations Dept.," which the Court construed as the Pennsylvania Human Relations Commission ("PHRC"); the "Harrisburg and Pittsburg Fair Housing, which the Court construed as the Fair Housing Council of the Capital Region, Inc.;" the "Dept. of Justice;" and the "District Attorney." (ECF No 2.) Graham's Complaint was rambling and difficult to understand. As best as the Court could discern, Graham alleged that she "had a 33-room building that was 'severely damaged'" during three major storms. *Graham*, 2025 WL 28238, at *3. She stated that FEMA and other agencies discriminated against her by denying her assistance for the damage. *Id*. Graham further alleged that after an investigation into her property, the City of Philadelphia's Department of Licenses and Inspections ("L&I") obtained a permit to demolish it. *Id*. She stated that members of L&I broke into her home and stole money and personal property and that her home was ultimately demolished without Graham first receiving a hearing. *Id*. Graham also stated that many of the named Defendants ignored her complaints, refused to enforce her rights, or failed to investigate the issues she encountered with the damage and demolition of her property.

In its January 3 Memorandum, the Court dismissed with prejudice all claims asserted against the Philadelphia Police Headquarters, the Pennsylvania Department of Aging, the PHRC, the Philadelphia District Attorney, FEMA, and the Department of Justice. *See Graham*, 2025 WL 28238, at *4-6. Defendants Fair Housing Council of the Capital Region, Inc., France Henriques, and the City of Philadelphia were dismissed without prejudice to Graham filing amended claims. *Id*. After Graham's appeal was dismissed, the Court gave Graham until October 2, 2025 to file an amended complaint. (ECF No. 29.) On September 17, 2025, she filed the three-page document she labeled "Jury Trial Demanded." (ECF No. 30.) The time to file an amended complaint has now expired without Graham filing any additional pleadings.

Accordingly, the Court construes the three-page "Jury Trial Demanded" document as her Amended Complaint.

The Amended Complaint contains very little information. It purports to name FEMA, the Commonwealth of Pennsylvania, and "Henrique Demo. Co." as Defendants and asserts claims under the First Amendment and the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act").[1] (*Id*. at 1-3.) The Amended Complaint states only that Graham is an adult resident of Pennsylvania and that, "at all relevant times, Defendants acted under the color of law." (*Id*. at 1, 3.) The Amended Complaint makes no other allegations and asserts no requests for relief.

## II.   STANDARD OF REVIEW

As Graham is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115

---

[1] The Stafford Act, 42 U.S.C. § 5121 *et seq*., among other things, authorizes the President to provide assistance to states in response to disasters. *See id*. at § 5131.

F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Graham is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Graham's Amended Complaint suffers from many defects, the most notable being that she asserts no factual allegations to support her claims.  Aside from listing three Defendants, naming two claims, and stating in conclusory fashion that the Defendants acted under color of law, the Amended Complaint contains no other facts to support her claims.  In the Court's September 11, 2025 Order, Graham was advised that any amended complaint she chose to file must "state the basis for [her] claims against each defendant," and could not rely on the initial Complaint or other papers to state a claim.  (ECF No. 29 at 2.)  Simply put, the Amended Complaint fails to contain sufficient factual matter to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678.  The Amended Complaint is deficient for other reasons.  First, to the extent that Graham intended to assert a claim under the Stafford Act, there is no private cause of action under that statute.  *See Ameika v. Moss*, 628 F. App'x 86, 89 n.15 (3d Cir. 2015) ("The District Court also properly dismissed the Stafford Act claim, which addresses federal disaster relief and assistance, because the Act does not create a private right of action."); *see also Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1001 n.1 (9th Cir. 1998) ("The plaintiffs' attempt to fashion causes of action out of two parts of the Stafford Act is unavailing."), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413, (2010)).  Second, it is not clear how the allegations asserted by Graham in this lawsuit give rise to a First Amendment claim.  The First Amendment protects an individual's rights to free speech, religious activity, and to petition

4

government for redress of grievances.  Nothing alleged in the Complaint or the Amended Complaint supports a plausible First Amendment claim, including any redress claim since there is no private cause of action under the Stafford Act.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Graham's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915.  Because the Court concludes that further amendment would be futile, the dismissal will be entered with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in [her] complaint, but chose not to resolve them.").  An Order that dismisses this case will be entered separately.  *See* Fed. R. Civ. P. 58(a).

> **BY THE COURT:**
>
> /s/ John Milton Younge
>
> **JOHN MILTON YOUNGE, J.**